```
                                              F I L E D
                                        UNITED STATES DISTRICT COURT
                                              DENVER, COLORADO

                                              JUL 13 2011
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF COLORADO           GREGORY C. LANGHAM
                                                              CLERK
```

Civil Action No. 11-cv-00136-BNB

RICHARD J. LYNN,

      Plaintiff,

v.

W. COX, SIS Investigator,
J. BOLEY, Unit Manager,
J. CAREY, Disciplinary Hearing Officer,
R. SHANK, Staff Representative,
R. WILEY, Warden, ADX,
B. DAVIS, Warden, ADX,
J. FOX, Associate Warden, ADX,
J. JONES, Associate Warden, ADX,
M. COLLINS, Unit Manager, ADX,
P. RANGEL, Unit Manager, ADX,
A. FENLON, Case Manager,
T. JOHNS, Warden USP-1 Coleman, FL,
L. KLEIN, Unit Secretary, USP Florence, CO,
R. BURTON, Associate Warden, USP-1 Coleman, FL, and
O. BARAT, Captain, USP-1 Coleman, FL,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW
## CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

---

      Plaintiff, Richard J. Lynn, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He initiated this *pro se* action by filing a prisoner complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 288 (1971), and various statutory authority.

      On March 30 and May 10, 2011, Magistrate Judge Boyd N. Boland ordered him

to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of and current address for each named Defendant. On April 18 and June 6, 2011, Mr. Lynn filed amended complaints. This order addresses the second and final amended complaint he filed on June 6.

Mr. Lynn has paid the $350.00 filing fee. Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second and final amended complaint because Mr. Lynn is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the second and final amended complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the second and final amended complaint and the action will be drawn in part and dismissed in part pursuant to § 1915A(b)(1) as legally frivolous.

The Court must construe Mr. Lynn's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

In the second and final amended complaint Mr. Lynn asserts three claims. His first claim of retaliation is based upon his incarceration at the United States Penitentiary-1 (USP-1) in Coleman, Florida, where he was placed in the special housing unit (SHU)

2

from August 25, 2005, through November 22, 2005, during an investigation. During this time period, he alleges he wrote to Senator Bill Nelson about the conditions of confinement in the SHU at USP-1, including but not limited to segregation cells lacking toilet facilities, and lack of recreation periods and law library access. In claim one, he complains that W. Cox, a supervisor of investigative services at the USP-1, filed a false incident report against him on April 4, 2006, on charges of attempted escape in retaliation for his contacting Senator Nelson about the conditions of confinement at USP-1. He further alleges that Defendants J. Boley, J. Carey, R. Shank, O. Barat, R. Burton, and T. Johns participated in the retaliation either by falsifying his incident report, violating his rights during his disciplinary hearing, or contributing to his placement in segregation. He asserts that after spending 377 days in segregation, he was transferred on October 16, 2006, to the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado.

As his second claim, he alleges that his due process rights were violated by his placement without a hearing in long-term, indefinite, administrative detention in ADX following his conviction on a false disciplinary incident report for attempted escape. He asserts that on November 2, 2006, he was transferred without due process to the ADX-SHU pending classification. He further alleges that his placement in ADX administrative detention was for 1,456 days until October 12, 2010. He contends that the conditions of his confinement during his ADX placement constitute an atypical and significant hardship. He asserts his second claim against the following Defendants for their participation in his ADX placement and/or periodic reviews: R. Wiley, B. Davis, J. Fox, J. Jones, M. Collins, P. Rangel, and A. Fenlon.

As his third and final claim, Mr. Lynn complains that his right of access to the courts has been violated. He specifically alleges that, on March 1, 2011, ADX stopped prisoners from using their identification cards to make photocopies. He alleges that on March 21, 2001, after a lockdown, he asked Ms. Klein to make copies of his legal papers at his cost. He alleges she then copied and faxed these documents to the senior attorney advisor, who also serves as Mr. Lynn's legal advisor, and apparently refused to make him the copies he requested.

Mr. Lynn's access-to-the-courts claim is without merit. To assert a claim for denial of access to the courts, Mr. Lynn must plead and prove that he actually was impeded in his ability to conduct a particular case. **See Lewis v. Casey**, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. **See Wolff v. McDonnell**, 418 U.S. 539, 576 (1974); **Carper v. DeLand**, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a non-frivolous claim. **Lewis**, 518 U.S. at 349-53.

In **Lewis**, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. **Id.** at 351. In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. **Id.**

4

Neither example set forth in *Lewis* is at issue in this action. Accordingly, Mr. Lynn has failed to state an actual injury in this action. **See** *Lewis*, 518 U.S. at 349-53. Therefore, because Mr. Lynn fails to allege facts that might support an arguable claim of access to the courts, the third claim will be dismissed as legally frivolous.

Accordingly, it is

ORDERED that claim three asserted by Plaintiff, Richard J. Lynn, is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous. It is

FURTHER ORDERED that Defendant, L. Klein, who is only named as a Defendant in claim three, is dismissed as a party to this lawsuit. It is

FURTHER ORDERED that the clerk of the Court remove the name of L. Klein from the docketing records of this Court as a party to this lawsuit. It is

FURTHER ORDERED that claims one and two and the case are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __13th__ day of ___July___, 2011.

BY THE COURT:


__s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00136-BNB

Richard J Lynn
Reg. No. 09748-004
USP Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 13, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk